UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Harvie Payne, | ) C/A No. 6:13-122-DCN-KFM |
|   Plaintiff, | ) |
| vs. | ) |
|   | ) **Report and Recommendation** |
| DFC McKellar; SACDC, Chief Administrator; Al Cannon; Chas. Co., | ) **and Order** |
|   Defendants. | ) |

This matter is before the court on a *pro se* complaint filed pursuant to 42 U.S.C. § 1983.[1] Plaintiff filed a motion to proceed *in forma pauperis* under 28 U.S.C. § 1915. However, Plaintiff's request to proceed *in forma pauperis* should be denied, and Plaintiff's complaint should be dismissed if he fails to timely pay the filing fee. Plaintiff is subject to the "three strikes" rule of the Prison Litigation Reform Act ("PLRA"), and he does not allege that he is under imminent danger of serious physical injury.

The "three strikes" rule, codified at 28 U.S.C. § 1915(g), provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it its frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

28 U.S.C. § 1915(g). This "three-strikes" rule was enacted to bar prisoners, such as Plaintiff, who have filed prior frivolous litigation in a federal court, from pursuing certain types of federal civil litigation without prepayment of the filing fee. To avoid application of 28 U.S.C. § 1915(g), a prisoner may prepay in full the filing fee. However, all civil lawsuits brought by prisoners seeking relief from a governmental entity, officer, or employee are subject to screening pursuant to 28 U.S.C. § 1915A, even those lawsuits where the full filing fee is paid at the time of filing. *See Green v. Young*, 454 F.3d 405, 407 (4th Cir. 2006).

The Fourth Circuit has set forth the standard for determining which cases are subject to the "three-strikes" rule. Under *McLean v. U.S.*, 566 F.3d 391 (4th Cir. 2009), a "strike" may be "thrown" after review of the case if it is frivolous, or if it fails to state a claim upon which relief may be granted. The latter finding must be with prejudice. Thus, pursuant to *McLean*, "[a] potentially meritorious but inartfully pleaded claim by a prisoner that is dismissed without prejudice for failure to state a claim is wholly distinct from a claim that is dismissed as frivolous, malicious, or substantively meritless. The former claim might be revived by competent pleading, but the latter cannot." *McLean*, 566 F. 3d at 397.

The Fourth Circuit has repeatedly reiterated that a dismissal for failure to state a claim, *without prejudice*, does not count as a "strike" under the PLRA. *See eg. Williams v. Simmons*, No. 11-6796, 2012 WL 1425282 (4th Cir. April 25, 2012)(William's third case was dismissed, *without prejudice*, for failure to state a claim; Pursuant to *McLean*, third case does not count as a qualifying strike for purposes of the PLRA.); *Williams v. Circuit Court for City of Suffolk*, No. 11-6978, 2012 WL 688218 (4th Cir. March 2, 2012)(dismissal of an action without prejudice for failure to state a claim does not count as a "strike" under the

PLRA (citing *McLean*, 566 F.3d 391); *McFadden v. McKie*, No. 11-6809, 2012 WL 375856, (4th Cir. Feb. 7, 2012)(dismissal for failure to state a claim must be with prejudice to count as a strike under the PLRA) (citing *McLean*, 566 F.3d 391).

The Fourth Circuit has also ruled that a district court order should show that the statutory criteria for a strike have been met and, further, that the entire case is subject to the criteria. *See Lester v. Ratigan*, No. 12-6661, 2012 WL 5417897 (4th Cir. Nov. 7, 2012)(affirming strike in a case that was summarily dismissed, without prejudice, as frivolous). *See also Blakely v. Wards*, No. 11-6945, 2012 WL 6217609 (4th Cir. Dec. 14, 2012)(summary judgment order that states on its face that statutory criteria for a strike have been met counts as strike under 1915(g));  *Everett v. Whaley*, No. 12-7883, 2013 WL 142049 (4th Cir. Jan. 14, 2013)(district court's determination that Everett had three qualifying strikes under the PLRA improper because court's ruling did not turn on a explicit determination that two of Plaintiff's prior cases, in their entirety, failed to state a claim, or were otherwise frivolous or malicious, under the PLRA).

Utilizing this framework, the undersigned has reviewed Plaintiff's Complaint. Plaintiff is currently incarcerated at the Kirkland Correctional Institution of the South Carolina Department of Corrections; however, at the time of filing, Plaintiff was detained at the Charleston County Detention Center ("CCDC").  He sues the Defendants affiliated with the CCDC, claiming he is prohibited from sharing the *Post and Courier* with other inmates. He also claims the Defendants seized, intercepted, read and/or refused to deliver newspaper articles and internet material delivered to him through the U.S. mail.  Plaintiff indicates that his legal mail has been opened and read.  He also alleges that he is prohibited from

sending newspaper articles to his attorney and claims the failure of the Defendants to permit this resulted in damage to his "legal criminal defense." Plaintiff seeks a speedy trial, a temporary and permanent injunction, and damages. Since Plaintiff has been moved to the Kirkland Correctional facility, his claims for injunctive relief are moot.

Plaintiff is a frequent filer in the federal court system, and he previously has filed 28 civil actions in this Court. This Court may take judicial notice[2] of the three civil actions filed by the plaintiff in which a "strike" has been entered because the civil actions were dismissed as frivolous, malicious, or failing to state a claim. *See Robert Harvie Payne v. SACDC Lucas, et al.*, No. 6:12-1347-DCN-KFM (D.S.C. Jan. 3, 2013)(motion to dismiss granted, with prejudice, for failure to state a claim upon which relief may be granted); *Robert Harvie Payne v. D. A. Young, et al.*, No. 6:12-0005-DCN-KFM (D.S.C. May 29, 2012)(summarily dismissed, with prejudice, as frivolous);and *Robert Payne v. Jailer Lucas, et al.*, No. 6:11-1767-DCN-KFM (D.S.C. March 22, 2012)(motion to dismiss granted, with prejudice, for failure to state a claim upon which relief may be granted).

In light of Plaintiff's prior "strikes," he cannot proceed with the instant complaint unless his claim satisfies the exception for imminent physical harm provided by the "three-strikes" rule. *See* 28 U.S.C. § 1915(g); *Abdul-Akbar v. McKelvie,* 239 F.3d 307, 314 (3d Cir. 2001); *Banos v. O'Guin*, 144 F.3d 883 (5th Cir. 1998). This complaint does not fit within this exception to proceed *in forma pauperis* as Plaintiff does not allege that he is in

---

[2] *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F. 2d 1295, 1296 (5th Cir. 1970) (the court may take judicial notice of its own records). *See also, Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

imminent danger of serious physical injury. Therefore, to proceed with this complaint, Plaintiff must pay the full filing fee. <u>If Plaintiff timely pays the filing fee, his complaint will then be subject to review by the undersigned to determine if service of process should be authorized.</u>

## Recommendation

It is **recommended** that Plaintiff's motion to proceed *in forma pauperis* be denied. It is further recommended that Plaintiff be given 15 days from the date the District Judge rules on this Report to pay the filing fee (currently $350) <u>and that the Office of the Clerk of Court withhold entry of judgment until such time expires</u>. If Plaintiff fails to timely pay the filing fee, it is further recommended that the complaint be dismissed without prejudice under the "three strikes" rule of 28 U.S.C. § 1915(g).

It is also **ORDERED THAT** the Orders entered on February 20, 2013, (ECF Nos. 9 and 10) are **VACATED**.

s/ Kevin F. McDonald<br>United States Magistrate Judge

March 13, 2013
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Room 239
> 300 East Washington St.
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).